Filed 2/14/22  P. v. Abdul-Malik CA2/8

Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).   This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT
## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B306876 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA045631) |
| v. | |
| ZIMBABWE ABDUL-MALIK, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Terry Lee Smerling, Judge.  Reversed and remanded with directions.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2001, defendant and appellant Zimbabwe Abdul-Malik was charged with murder (Pen. Code, § 187, subd. (a)) and carjacking (§ 215, subd. (a)). Robbery and gang special circumstance allegations were alleged as to the murder count (§ 190.2, subd. (a)(17) & (22)). Firearm use and gang allegations were alleged as to both counts (§ 12022.53, § 186.22). The charges arose from an incident in December 2000, in which defendant and two codefendants confronted the victim while he was parked in his car in the driveway of his mother's home. An altercation ensued during which the victim was fatally shot. The victim's car was stolen and found crashed into a pole a short distance away. (*People v. Devore* (Mar. 21, 2006, B170095) [nonpub. opn.].)

The jury found defendant guilty of murder and carjacking. They found not true the special circumstance allegations and the allegations defendant personally used a firearm. The jury found true the gang allegation and the allegation that a principal used a firearm in the commission of the offenses. The trial court sentenced defendant to an indeterminate term of 50 years to life.

In 2006, in an unpublished decision, we affirmed defendant's conviction and ordered correction of the abstract of judgment to reflect defendant's minimum parole eligibility was 15 years and not 25 years and that the firearm use enhancement was pursuant to Penal Code section 12022.53, subdivision (e)(1). (*People v. Devore, supra*, B170095.)

In 2018, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed. Penal Code section 1170.95 was enacted as part of the legislative changes effected by Senate Bill 1437 and became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.)

Defendant filed in propria persona his petition for resentencing pursuant to Penal Code section 1170.95 (erroneously titled petition for writ of habeas corpus), requesting resentencing on the grounds he was convicted of murder under a felony murder theory. The court appointed counsel for defendant and received briefing.

At a hearing on July 27, 2020, defendant was present and represented by appointed counsel. No new evidence was presented. The court entertained argument from the parties on the briefing alone and denied defendant's petition, explaining there was sufficient evidence to conclude that reckless indifference and, to a lesser extent, aiding and abetting remained viable theories upon which defendant could be guilty of murder. Defendant appealed.

In our original unpublished decision, we reversed and remanded with directions to the superior court to issue an order to show cause and conduct an evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3). (*People v. Abdul-Malik* (June 8, 2021, B306876) [nonpub. opn.].) We directed the superior court, at the evidentiary hearing, to act as an independent fact finder and apply the beyond a reasonable doubt standard of proof in assessing defendant's liability for murder under current law.

Respondent did not oppose a remand for purposes of the court conducting an evidentiary hearing but opposed the applicability of the beyond a reasonable doubt standard. Respondent filed a petition for review asking the Supreme Court to grant review and defer briefing because this case raised the same issue then pending before the Court, that is, whether the trial court, during an evidentiary hearing under Penal Code

3

section 1170.95, acts as an independent fact finder or reviews the record for substantial evidence. On August 11, 2021, the Supreme Court granted respondent's petition.

In October 2021, the Legislature passed Senate Bill 775 (2021–2022 Reg. Sess.) which, among other things, amended the language of Penal Code section 1170.95, subdivision (d)(3). (Stats. 2021, ch. 551, § 2.)

On December 22, 2021, the Supreme Court transferred this case to us with directions to vacate our decision and reconsider the matter in light of the passage of Senate Bill 775. Having vacated our original decision and reconsidered the issues presented in light of the new legislation, we again reverse and remand with directions to the superior court to issue an order to show cause and conduct an evidentiary hearing in accordance with Penal Code section 1170.95, subdivision (d)(3), as amended.

## DISCUSSION

In amending the law regarding vicarious murder liability, Senate Bill 1437 created a specific procedure "for retroactive application of its ameliorative provisions. [Penal Code] [s]ection 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing." (*People v. Gentile* (2020) 10 Cal.5th 830, 853 (*Gentile*).)

There is no dispute here that defendant's murder conviction falls within the purview of Penal Code section 1170.95. Respondent concedes the jury was instructed on felony murder liability and that the jury found defendant did not personally use a firearm in the commission of the murder.

4

Respondent also concedes, both in the original briefing and the supplemental brief filed postremand, that defendant made a prima facie showing of eligibility for relief, that defendant's ineligibility could not be established as a matter of law and that the trial court therefore erred in not issuing an order to show cause in accordance with Penal Code section 1170.95 and holding an evidentiary hearing pursuant to subdivision (d)(3).

We agree. Because the record of conviction here does not establish as a matter of law that defendant is ineligible for relief, an evidentiary hearing should be conducted. (Pen. Code, § 1170.95, subd. (c).)

In light of the amendments to Penal Code section 1170.95 effected by the passage of Senate Bill 775 in October 2021 while this matter was pending in the Supreme Court, respondent now also concedes the relevant standard of proof to be followed by the trial court on remand is beyond a reasonable doubt.

Among other things, Senate Bill 775 amended and clarified the procedures governing an evidentiary hearing conducted pursuant to Penal Code section 1170.95, subdivision (d)(3). "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3).) The new text provides that a prior "finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*)

The amendments also expand on the consideration of evidence at the hearing, during which both sides may "offer new

5

or additional evidence to meet their respective burdens." (Pen. Code, § 1170.95, subd. (d)(3).) The amended statute provides, in relevant part, that "[t]he admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion." (*Ibid.*)

Accordingly, on remand, the trial court shall issue an order to show cause and conduct an evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3), as amended by Senate Bill 775. At the evidentiary hearing, the trial court shall act as an independent fact finder and apply the beyond a reasonable doubt standard of proof. (See also *Gentile*, *supra*, 10 Cal.5th at p. 855 ["section 1170.95 requires the superior court to determine on an individualized basis, after considering any new or additional evidence offered by the parties, whether the defendant is entitled to relief"].)

Finally, defendant argues we may order the trial court to skip the evidentiary hearing and proceed to resentencing in light of the jury's not true finding on the special circumstance allegation. Respondent contends the issue is not properly before us given the scope of the Supreme Court's transfer order and that if we do consider it, we should once again reject it as we did in our original decision. We decline to issue the order requested by defendant.

## DISPOSITION

The order denying defendant's resentencing petition is reversed and the case remanded to the superior court to issue an

6

order to show cause and conduct an evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3), as amended.


GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.


WILEY, J.

7